Welsh v. Fort Bend Independent School District Mr. Sines May I please report? My name is Jeremy Sines and I represent Could you move that microphone up just a little bit? There we go Perfect. Right there? Alright. I represent the appellant Guadalupe Welsh against Fort Bend ISD We're here today because for several years dating back to at least 2012 Ms. Welsh has been the victim of retaliation and discrimination from her employer, Fort Bend ISD and they have engaged in a practice and pattern of retaliating against her and making life difficult for her singling her out in attempts to get her to quit her job In 2012, of August of 2012 she filed a charge of discrimination against Fort Bend ISD with the EEOC Now during the interim between 2012 and 2014 she continued to be singled out in what she felt like was being retaliated against for filing that charge In 2014 she still had not received the right to sue letter from the EEOC and she went to the EEOC office and amended her charge Now she was actually the one complaining about additional allegations of discrimination that had taken place from the time she had first filed the charge in 2012 Instead of filing a new charge of discrimination however the EEOC essentially had her amend her charge. She added a provision saying I believe I've been retaliated against for engaging in protected activity This was in June of 2014 A few weeks later the EEOC finally issued a right to sue letter and within 90 days she proceeded with filing a state court claim in the Texas courts based on essentially those allegations of discrimination Because the Texas Labor Code has a two year statute of limitations from the date you initially filed your charge that actual limitations period started running in August of 2012 and technically ended in August of 2014 Now Ms. Welsh's lawsuit while it was within the 90 day period was actually filed after that two year statute of limitations despite the fact that she was just at the EEOC office three months prior. Now Fort Bend moved for summary judgment based on that fact and based on the statutes and argued that there was nothing that could be done because the relation back, always related back to the August 2012 action so any subsequent claims or any claims of retaliation were going to relate back to that At the time Ms. Welsh had not filed another EEOC charge despite the fact that continued acts of retaliation had occurred prior to her filing a state court action and then even after that. Okay let me ask you this because our case is really just about racial dichotomy and it's breadth and so I want to kind of get to that. I appreciate the background but we've had the benefit of y'all's briefing. Let's assume arguendo that Welsh 1 is a decision on the merits of the statute of limitations in other words Welsh 1 held statute of limitations barred that action and that that in turn is race judicata on whatever would be race judicata. Okay then my question would be you're saying well some of this stuff came up subsequently you know things were evolving over time this is a dynamic relationship and it can't be race judicata even if it's race judicata on something it can't be race judicata on everything as I understand your argument. So where I'm trying to go with this is I would like you to tell me the rule that if we were to announce a rule here's how race judicata works in these situations. What is the rule as to how it applies when you have a prior suit that then says everything in that suit is barred how does that apply in a subsequent suit when you've had a dynamic series of events spanning all of that time frame? I would say that the date of the filing of a lawsuit anything at the date of that filing would essentially bar claims that could have been made prior to that filing of that lawsuit. And there's where the interesting issue comes into play because in your standard race judicata case you typically know your rights and you have the ability to file your lawsuits against him but title 7 requires that you exhaust your administrative remedies and by doing that you need to go to the EEOC and you have to make allegations that occurred within the 300 days prior to filing that charge. It's limited. Not only does it say you have to do, you can only go that 300 days but you have to do it within 300 days or you've lost. So my argument would be that essentially as long as you're within that time frame and you can exhaust your administrative duties to do so then you're allowed to continue to file lawsuits subsequent to the initial filing. Apply that rule again. Assuming that Welsh 1 is a valid determination that limitations barred the Welsh 1 action, whatever that means, apply your rule to, I'm calling Welsh 1 the first case obviously, apply your rule to the current case and tell us what's barred and what's not under your rule. Well what would be barred in Welsh 1 were the 2012 actions that occurred. I mean technically the counsel's right I did not appeal Welsh 1 so that 2014 one claim that was filed in that charge of discrimination would also be barred. However, Welsh 2 raised allegations that occurred after Welsh 1 was filed. Now some of them were before but other allegations occurred afterwards and during the pendency of that claim. Actions for which a charge of discrimination was not filed. And I would argue that we're allowed to maintain those cause of actions because they are separate industry cause of actions for retaliation and they continue to move forward without it. If the court maintains that you're barred once you file a lawsuit for anything that happens during the pendency of a current action, well then the reality is right now despite the fact that Ms. Welsh has been employed by Court of Finance and continues to believe that she's been singled out and hoped that she will quit, we couldn't bring any action despite the fact that Ms. Welsh has been in court for 300 days which would encompass Judge Ellison's ruling in the court. Basically, Fort Bend ISD would have carte blanche to do whatever they want in the interim because we couldn't do anything. Because even at the motion for summary judgment hearing when I realized how it was going to rule, I said well let's amend so we can add additional items because essentially Ms. Welsh is continuing to be discriminated against and that wasn't allowed. Which way is it going to be? Does Fort Bend basically have free reign to do whatever they want to do during that time period because hey, we've got to file a charge of discrimination tell the court, wait, wait, wait don't do anything while the EEOC does their investigation or at least in the minimum until I can request a right to letter and then proceed on those or can we do it as Title VII is intended to be which is to give employees the right to address their grievances, grant it with a shorter statute of limitations period and move forward. Okay, so applying your rule you filed or your client filed Welsh 1 on September 26, 2014. So is it your position that everything that had transpired as of that date would be barred by the ruling in Welsh 1? Well, that is not my position. Okay, so explain to me because I'm trying to get a rule in my head and then of course I'll get a response from your opponent on that. I mean, I can certainly understand a bright line rule that would say that anything happening prior to it would be barred by res judicata, so I can understand that. Ms. Welsh's claims in Welsh 2 actually had in September, after the September 26, 2014 filing of that lawsuit, afterwards up through December, while it was still pending, these actions occurred. For certain, I believe that those are concrete and distinct acts that were not part or not barred by any limitations under the labor code and wouldn't have related back to anything and Ms. Welsh should have the right to do so. It's still my argument that and if there's a bright line rule that we would have to live with, then I can understand things that happened before that filing of that lawsuit would be possibly barred. However, I don't think that's equitable essentially since you still have to exhaust your administrative So what's your rule? Using these dates, using the September 26 date, what would your rule be? I know you've got this exhaustion argument so put it together for me so I'm still a little unclear in my head what your rule is. My rule is that if allegations occur that are not addressed in your chart of discrimination with the EEOC and they have not been addressed and you're still within the statutorily defined 300 day deadline for raising those arguments, then you're well within your rights to proceed forward doing so because that's the intent of Title VII to be able to make your grievances heard and to have your actual merits of your case adjudicated before a judge or a jury. And so then how does that rule apply to the dates here? Well that rule would apply to here and I would argue that anything that was contained in my charge of discrimination that was filed subsequent to Welsh I's verdict that happened within the 300 day period, which were within the limitations period, would not be barred by restitucata because they were separately distinct and were within the limitations period. I mean, pragmatically speaking, I understand that judges and courts have to make a bright line rule and at a minimum I would argue that at least anything that occurred during the pendency of Welsh I after it was filed would still be valid and to be able to proceed in the courts. Because your second EEOC charge was January 2015. Yes. And so it encompassed anything that occurred. So 300 days before January 2015 is the cutoff then in your argument. In my argument. And essentially Ms. Welsh, to this day, I mean yes, there's arguments about subject matter jurisdiction and whether or not the initial claim was based on the merits. I mean, yes, those acts, the 2012 acts and even the subsequent one loan 2014 act of discrimination were denied on limitations arguments. But the other arguments were not because they were still right for adjudication based on the rules of Title VII. So summarize for us, I know it's in your brief but summarize for us very briefly what the acts of discrimination are that you claim. Well, the acts of discrimination are she was basically, she was teaching in a disability program. They require certain specific requirements allowed by law to make sure that you qualify and you're not, you know, different plans. She was not provided those information. She was refused to be or not provided with all the information regarding the students in her class who were subject to these rules and regulations thereby setting her up for failure. Then in December of 2014 for some reason when she went into the break room people were talking about her and calling her out on what she was doing with respect to her classroom with information that they shouldn't have known at all other than people talking about her in the administrative offices and giving information such as that. She was also denied letters of recommendation. She was refused they ignored her request to remove her teacher in need of assistance plan. Ms. Welch has been a teacher for over 30 years and was actually exempt from any kind of summative reviews but yet they put her on a teacher in need of assistance plan for no other reason than retaliation for filing an initial charge of discrimination. So she's basically been singled out and not allowed to conduct any activity. I mean essentially here today and I like to go back to it is if the district court ruling holds employers can do as they choose with anything unless some kind of tendency is actioned or some kind of stay is done like in the Dallas case the court suggested they make a stay. Well in this instance we didn't have a charge of discrimination on file. We would have had to file another charge and even in this instant case right now I would have had to stop, tell Judge Ellison, hold off for a moment let me file a new charge of discrimination to address the actions that occurred in the last 300 days and let me seek stay and get authority to move forward on those actions. Without it Fort Bend can do as they choose. Essentially ignoring the functions of Title VII and the rules of Title VII that allow you to 300 days to move forward. Yes. Thank you Mr. Saenz. Mr. Lamp. May it please the court. My name is Paul Lamp with the law firm Rogers, Morrison, Grover in Houston. I represent the Appellee Fort Bend Independent School District. I think there are two overriding principles that must be considered when considering the appellant's arguments here. One is that the law requires litigants to litigate all claims that they have that arise out of the same transaction or series of transactions in one proceeding. The reason for that is the reasons are many for the efficiency of the parties, for the efficiency of the courts to eliminate claim splitting. I think we understand the purpose of res judicata. The problem you have here is that you've got this dynamic situation where according to Ms. Welsh and taking her allegations as true because we're not dealing with the facts of the case. We're dealing with res judicata and affirmative defense. She's continuing to be discriminated against and in fact the prior filings is causing retaliation down the road. So there's continuing to be let's say that it was acts of physical sexual harassment. The fact that you have one case about that doesn't mean somebody can't keep doing that, can't keep coming up and rubbing you or whatever they're doing. And so you can't be trying to articulate a rule where the day before the case is dismissed there was some episode like that and you didn't immediately amend and therefore now you're barred. So what is your rule? I mean I've asked for his rule. What is your rule that encompasses a dynamic sort of continuing scenario where there's continuing acts of discrimination? My rule is the existing rule in this circuit. I don't propose any different rule and that is that this circuit holds that a plaintiff may continue to amend their lawsuit and bring claims and in fact are required to do so up to the date of a final judgment in that case. That is the In which authority are you? Yeah, in the case that's been cited several times is this Dallas area rapid transit and in that case they cite two other, they rely on two other cases, Blair I don't have the full site and Dawkins. And if you drill down into Blair and Dawkins both of them refer to, they have language in there that talks about up until the date of a final judgment or up until the date of the termination of the litigation, any and all claims that could have or should have been brought in the first litigation the plaintiff was required to bring them under the principles of res judicata. And how does that intersect with the exhaustion issue? Because let's say the day before let's say there's going to be a summary judgment hearing you know tomorrow and so then today the school discriminates against her in some way takes away, cuts her salary takes away some benefit, something like that. First of all, she has to exhaust that. Second of all, she has to file a motion for leave to amend and all of that has to happen that day according to you. So her lawyer has to be calling her up every day, have you done anything today? Has to go through, research that, make sure that he's verified things, satisfied his and all that has to happen within 24 hours. That's what you're saying our law is? What I'm saying is that where there is an existing piece of litigation open, where the teacher is the plaintiff, she has existing litigation there and things continue to happen to her according to her, there is an obligation for her to notify the court to file an amended pleading or complaint and ask for that type of relief from the court. If the court denies that. I can see the judge reacting by saying oh here you are again trying to put off the summary judgment, it's never going to end because the school district keeps doing things to her according to her. If the plaintiff and her counsel approach the trial court, the district court and ask for relief and ask for a stay because of ongoing issues because certain issues have to be addressed, if the court denies that that could give rise to a new piece of litigation, but it is incumbent upon the plaintiff and her counsel to request that relief and that is the law, that is the current state of the law where the plaintiff does not have the opportunity to seek relief in the same lawsuit that they are currently in then that can give rise to a separate piece of litigation. How does exhaustion weigh into that? Because she doesn't have time to file on my hypothetical that the day before the summary judgment hearing let's say we have a judge who rules from the bench and signs an order from the bench she doesn't have time to file an EEOC all of that in that 24 hours that she's running around doing all this other stuff does that matter? Dallas Area Rapid Transit the case before you, the Fifth Circuit case, specifically speaks to that issue and that court said that the plaintiff had an obligation to ask the district court for a stay of proceedings while they exhausted it the EEOC exhaustion requirements simply are what they are but they do not supersede the district court's ability to manage its own docket and conduct the trial of the case. It is incumbent upon the plaintiff, Ms. Welsh in this case, to have approached the district court and asked the district court to halt the proceedings to stay then if she felt the need to file a new charge. That's how the system works. Now for retaliation claims, particularly where the plaintiff is claiming that they were retaliated against because they filed the first charge, there's not even an exhaustion requirement there they can, as a matter of law amend their lawsuit to add those claims. They don't have to exhaust that but here and it happens all the time in district courts are asked by parties to stay proceedings while some administrative process runs its course so that after that ends if it impacts the litigation, we can come back and start over again in the district court. But think of the ramifications of what plaintiff is essentially arguing. Her rule, opposing counsel's rule, is that any fact or any allegation that occurred after the initial filing of a lawsuit they can bring in a separate lawsuit so in other words the entire litigation could go on for two years or more after the initial complaint is filed and any and all facts that arise during that two years, the plaintiff knows that they can simply file a new lawsuit over that. That cannot be the state of the law in this circuit think of the ramifications of the multiplicity of litigation that would result. The is to ensure that all claims are brought in the same proceeding and importantly the law from the 5th circuit says that those claims, as long as they relate to the same transaction or series of transactions, then they are obligated to be brought in one proceeding, the first proceeding. That's abundantly clear here. When opposing counsel says the phrase separate and distinct claims that's really irrelevant the issue on res judicata is to the facts of the case. But let me ask you about Davis because that's what you're calling the DART case, Davis versus DART in that case all of the facts giving rise to Davis 2 had occurred before Davis 1 so we weren't dealing with this jumping around that you're arguing for wasn't at issue there. The having to keep running around, you've got to file your EOC you've got 24 hours to do it if she was molested the night before the certimony judgment hearing, the morning of the certimony judgment hearing, on the way to it all of that would have to be brought to me it's just impractical the rule that you're saying and it's not what Davis was dealing with so whatever the Davis court would have done with it, they didn't have those facts about sort of the eve of trial action so would you agree with me that your approach is a bit impractical? Not at all not at all and in fact I'm not arguing for anything to be jumping around what I'm arguing is that let's take a different scenario let's say that one week after the plaintiff filed her lawsuit she claimed that she was discriminated against in some way or retaliated against could it be should it be the rule in this circuit that that event that happened one week after the filing of the lawsuit could wait until the conclusion, the final judgment in the first case where the plaintiff could then file a whole new lawsuit over that issue? That event as long as it was related to the same transaction or series of transactions which is what the law is in this circuit must be brought in that first trial. Okay let me ask you about this same transaction again looking at what because I'm struggling looking for a rule because I'm not really sure Davis helps us here or helps us sufficiently to answer this case this question when you say the same transaction what if it were let's say that she was alleging that people were physically assaulting her but it was a different person in one case in case number one it was the principal and in case number two it was the assistant principal and this is completely a hypothetical I know that didn't occur would you say that's the same transaction? Absolutely. So it's basically everybody in the school district can molest her once she says one person has and she better just be running around telling her lawyer and all of that. That's your argument. Well I mean I'm not going to I'm really not sure about that hypothetical what I can point you to is the law in this circuit that says that this transactional test has to be determined pragmatically giving and quote giving weight to such considerations as whether the facts are related in time space origin or motivation whether they form a convenient trial unit and whether their treatment as a unit conforms to the parties expectations or business understanding or usage. In your even taking your hypothetical about the molestation to me if you have to ask the district court and the parties what is a convenient trial unit to try these molestation issues it absolutely has to be in the same litigation versus piecemeal litigation. You're dealing with the same employer, the same plaintiff, presumably the same general series of time it cannot be that giving multiple molestation allegations involving the same employer and employee and position and all that can be brought in different pieces of litigation. Again the ramifications of that would be horrible and parties would be subject like this taxpayer funded entity I represent would be subject to multiple litigations because the plaintiff claimed that A molested her on one day when B molested her on another day. So again the overarching principle of this case and the res judicata defense is that the law encourages all of these allegations to be brought at the same time. The only rule that can be developed from this is that the plaintiff has an obligation to bring these matters to the court's attention up until the date of a final judgment in that first litigation. That is the bright line rule. That is the language that you can draw from the two cases that I referenced earlier Blair and Dawkins. But the court is right in the dark case those allegations did all happen prior to the first lawsuit so it doesn't directly speak to it but importantly that the 5th circuit held the plaintiff had the ability to ask the district court for a stay of proceedings. The second fundamental principle that I think weighs in on this appeal and this issue is that that old maxim that the law aids parties who vigilantly assert their rights not those who slumber on their rights. So the plaintiff in this case did not appeal the state court dismissal. She never asked the district court in Welsh 2 for a stay of proceedings. In the first case that was dismissed by limitations because the plaintiff made a choice to sue under state law she could have sued under federal law and that two year limitations would have not applied to her. There are a series of procedural missteps that resulted in the dismissal of this case. None of which had to do with Fort Bend ISD. I think for the record I need to at least make the statement that these allegations of the school district reaching out to intentionally discriminate against her and make her life miserable. Those are allegations and we all know that none of that had ever reached a court and were never proven and the school district vehemently denies ever discriminating against her. So in conclusion the school district a taxpayer funded entity has already now defended against two pieces of litigation brought on by Ms. Welsh and has had both of them dismissed based on these principles of res judicata that principle commands that this litigation end. If the court would like to entertain any issues about the first point of appeal raised by opposing counsel which was that the case was not dismissed on the merits I'm happy to entertain any of those questions otherwise certainly it's the school district's position that a dismissal on the limitations of rounds is absolutely a dismissal on the merits under both state and federal law. Unless there are any questions, thank you for your time. Thank you Mr. Lantz. Mr. Sines you've saved time for rebuttal. The Dallas area case, the Dallas v. Dart case I think the clear distinction is and we've already discussed this and brought it up is that the acts of discrimination all occurred prior to the plaintiff filing the lawsuit in that case. Another distinction is that the charge of discrimination had also been filed and the EEOC was investigating that claim and theoretically could have issued a right to sue letter prior to the filing of the lawsuit or at least during the pendency of the lawsuit. In our case it hadn't been. No charge of discrimination had been filed and the requirement that makes you file a charge of discrimination within the already very shortened statute of limitations period of 300 days. We're not talking about your standard two years. We're talking about 300 days and in some cases 180 days. We basically would be shortening it and you're right. Every time an act of discrimination occurred or something happened and even for the case of being touched or inappropriate or being molested, I mean, yes what is the alternative to allow that to continue to happen every time because if it keeps happening while your case is pending or even up until the day of the judgment that you have to go and exhaust administrative remedies and have to continue it. That's the way it is. The law allows you 300 days and it makes every act of discrimination actionable even under the Blair case that was cited. It's all actionable. With respect to whether or not an appeal was filed on Welsh 1, we'd be in the same position with Welsh 1 because while that appeal was anything and everything that would have happened in that interim, there wouldn't have been an ability to contact the court of appeals. The problem I'm having to be honest is I think his approach is completely impractical. This jumping around every day you've got to call your client. Hey, you've been discriminated against today? Okay, well nice talking to you. It just seems completely impractical. On the other hand, your rule is a little hard to get your arms around too. I kind of feel like we need a bright line rule that is consistent with the pre-existing case law and makes sense. It doesn't require people to jump around but doesn't because he raised the countervailing point which is the constant serial litigation. You win one and there go again another because you can always find some slight, some issue that you don't like going on if you're working somewhere. You're not always happy every day. Somebody won't talk to you in the lunchroom and you decide that's retaliation and you file that and we just never end. So can you help me understand your rule better? I can understand that and if it had to be a bright line rule, at least it would be things that occurred prior to the filing of the initial case. I mean, I still think that that's at odds with Title VII but at least that's workable. I mean, if you look to the Eleventh Circuit and the Manning case that I cited in my brief and the Plano case that I cited in my brief, in those instances, the court didn't even require an amendment to the pleadings to move forward. They basically said, look, there's cause of actions and you can move forward with it. And I think that that should be the law in the Fifth Circuit and I actually think that it would be with these issues being addressed now because in the Dart case, again, we're dealing with something that's factually distinguishable from our case and that everything happened prior to the initial filing. And while a bright line rule is good and all, I still think that it's at odds and I said before with Title VII that it gives you the ability to file claims. I mean, the reality is that discrimination should not be taking place. It should end. And if it ended, everything would be great. Yes, but not every claim of discrimination is valid. No, that is correct. So somebody can say they've been discriminated against and they completely haven't. And of course, conversely, someone can deny discriminating and nonetheless have discriminated. That's why we have trials in courts. Yes, exactly. And there are remedial statutes designed to prevent discrimination in the workplace and designed to prevent that sort of thing from happening. And yet for certain instances, it does seem crazy to be able to just keep amending and keep adding and keep filing another lawsuit. Well, and the one thing you haven't mentioned is the EEOC process isn't just to exhaust. It's also there's a conciliation effort. There's an effort to resolve things that gets thrown out the door if you have the rule that you're counsel opposite. Well, that is correct. I mean, most of the time the EEOC won't even get to a claim within 180 days unless you specifically say, hey, I need to write a sue letter. Oh, no, I'm specifically, I thought the EEOC engages in claims conciliation, an effort to try to resolve the problem rather than only give right to sue letters. They do, Your Honor, and in most cases when you're not dealing with the time frame issue, they actually have the time to look at it. Now, I know that the EEOC is overburdened and oftentimes it takes six months to a year for them to make any kind of investigation or to even do anything beyond seeking a position statement for the parties. In the 10 years, 15 years I've been practicing employment law, I've only actually had an EEOC investigation once where they came by to my clients to ask and interview questions. Unfortunately, they just don't have the time for all of that. So, they're unable to move forward. And I thank you for your time. Yes, thank you, Mr. Sines. Your time has expired and your case is under submission.